[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO DISMISS (#101)
Plaintiff Smith brought this action against his former employer, the Thomaston Board of Education, for damages resulting from the defendant's alleged failure to pay plaintiff his accumulated sick time and other benefits pursuant to the terms of a collective bargaining agreement. Plaintiff claims that he retired from his position with the defendant in reliance on defendant's representations that he would be able to pursue his claim for accumulated sick time. The plaintiff's claim in the present case is based on promissory estoppel and misrepresentation.
Defendant moves to dismiss the complaint for lack of subject matter jurisdiction on the grounds that plaintiff has failed to exhaust the administrative remedies provided by the grievance procedure of the collective bargaining agreement. The affidavit of Eugene V. Diggs, Superintendent of Schools for defendant, states that "plaintiff has not filed a grievance under the collective bargaining agreement concerning the subject matter of his complaint." The collective bargaining agreement does contain a grievance procedure for resolutions of disputes arising; under it, culminating in final and binding arbitration. Article VIII. "[As] a matter of state law, parties to a collective bargaining agreement must attempt to exhaust the exclusive grievance and arbitration procedures. established In their agreement before resorting to court." Kolenberg v. Board of Education, 206 Conn. 113, 123 (1988), quoting School Administrator Assn. v, Dow, 200 Conn. 376, 382 (1986). Failure to do so deprives the court of subject matter jurisdiction.
Motion to dismiss is granted.
SUSCO, J.